CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 27 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MELISSA F. SPENCLEY, | )<br>) Civil Action No. 7:13CV00231 |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security, | )<br>) By:  Hon. Glen E. Conrad<br>)     Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Melissa F. Spencley, was born on October 26, 1962, and eventually completed her high school education. Mrs. Spencley testified that she also attended college for a period of time, and received a degree as a medical office assistant. (TR 41). Plaintiff has worked as a phlebotomist, cashier, kitchen helper, snack shop manager, nursing assistant, receptionist, and veterinarian assistant. She was last employed on a regular and sustained basis in 2002, though she worked

sporadically for several years thereafter. On April 1, 2009, Mrs. Spencley filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on June 15, 2006 due to fibromyalgia, chronic pain, severe depression, arthritis in back, and manic bipolar disorder with suicidal ideations. She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Spencley met the insured status requirements of the Act through the first quarter of 2008, but not thereafter. See generally, 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before March 31, 2008. See 42 U.S.C. § 423(a).

Mrs. Spencley's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 18, 2012, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Spencley suffers from several severe impairments, including fibromyalgia, obesity, history of irritable bowel syndrome, and degenerative disc disease. Despite such problems, the Law Judge found that plaintiff retains sufficient functional capacity to perform a limited range of medium work activity. The Law Judge assessed Mrs. Spencley's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), with the following exceptions. The claimant can only occasionally kneel, crouch, crawl, stoop/bend, and occasionally climb ladders, ropes, or scaffolds. She cannot have concentrated exposure to hazards.

(TR 22). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that plaintiff retains the capacity to return to several of her past relevant work roles, including blood bank phlebotomist, cashier, kitchen manager, receptionist, nursing assistant, kitchen helper, and veterinarian assistant. (TR 24). Accordingly, the Law Judge ultimately concluded that Mrs. Spencley is not disabled, and that she is not entitled to benefits under either federal program. See generally, 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Spencley has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Spencley suffers from a variety of physical and emotional conditions. Over the years, she has been treated for fibromyalgia, bilateral carpal tunnel syndrome, degenerative disease process, tendonitis in her hands, diverticulitis,

and right ring trigger finger. She also carries diagnoses of depression, anxiety, and bipolar mood disorder. However, the court believes that the medical record supports the Law Judge's finding that plaintiff's impairments, considered singly or in combination, do not prevent performance of most of her prior work roles.

The simple fact is that none of plaintiff's treating physicians has suggested that she is disabled for work activity. In assessing plaintiff's emotional limitations, the Law Judge relied on a consultative psychological assessment performed by Dr. Jeffrey B. Luckett on October 14, 2011. After a clinical interview, as well as interpretation of psychological testing results, Dr. Luckett diagnosed a history of alcohol abuse, a history of alcohol dependence, cannabis abuse, and pain disorder. He assessed plaintiff's GAF as 68.[1] The psychologist reported that Mrs. Spencley could be expected to work on a regular basis, and perform simply and repetitive tasks, as well as some more difficult and complex tasks. He noted that she would be able to work with peers, supervisors, and the general public. (TR 761). The Law Judge also relied on input from Dr. Charles Holland, a clinical psychologist who testified at the administrative hearing as a medical advisor. Dr. Holland testified that the medical record does not document a "significant mental impairment." (TR 70).

As for plaintiff's physical problems, the court agrees that many of Mrs. Spencley's problems have proven to be only temporary in duration, and amenable to conservative treatment measures. While plaintiff's fibromyalgia and degenerative arthritis appear to be more permanent problems, none of her treating physicians has identified such severe levels of dysfunction as could reasonably

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A GAF score between 61 and 70 represents only some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well, with some meaningful interpersonal relationships. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 47 (4th ed. text rev. 2000).

4

be expected to result in disabling symptomatology or debilitating functional restrictions. In finding a residual functional capacity for a restricted range of medium work activity, the Law Judge relied on the reports from plaintiff's treating physicians, as well as on assessments provided by nonexamining state agency medical specialists. The court believes that the reports cited by the Law Judge provide substantial evidence in support of a finding of residual functional capacity for light and medium levels of work.

In assessing plaintiff's vocational capacity, the Law Judge relied on testimony given by a vocational expert at the time of the administrative hearing. The court believes that the expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence of record. In short, the court must conclude that there is substantial evidence to support the Law Judge's finding of residual functional capacity for past relevant work. It follows that the Commissioner's final decision must be affirmed.

On appeal to this court, plaintiff argues that the Administrative Law Judge's opinion is deficient in several respects. The Law Judge found that much of plaintiff's testimony, given at the administrative hearing, was not credible. (TR 23). The Law Judge observed that Mrs. Spencley had been awarded custody of her granddaughter. The Law Judge reasoned that if plaintiff is severely impaired, the state judge would not have made such a custody ruling. (TR 23). The court agrees that the custody proceedings shed little light on plaintiff's capacity to engage in substantial gainful activity. However, the court notes that, in making credibility findings, the Law Judge also relied on a comparison of plaintiff's testimony with the objective medical record. For example, the Law Judge again observed that, despite plaintiff's complaints, no severe mental impairments have been identified. (TR 24). As for her physical complaints, the Law Judge correctly noted that plaintiff's

5

"physical exams, lab results, and lumbar and hand x-rays have been essentially unremarkable." (TR 24). In terms of plaintiff's subjective complaints, it is well settled that, in order for pain to be deemed disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). In the instant case, the court must agree that Mrs. Spencley's evidence falls short in establishing the existence of a condition which could reasonably cause the level of discomfort described by plaintiff in her testimony. Thus, the court concludes that the Commissioner's assessment of plaintiff' subjective complaints is supported by substantial evidence.

As a second argument, Mrs. Spencley contends that the Law Judge improperly found that her bilateral carpal tunnel syndrome and trigger finger do not represent severe impairments. For purposes of claims adjudication, a severe impairment is defined as one which significantly limits physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1521(a) and 416.921(a). Since it is undisputed that plaintiff's carpal tunnel syndrome and trigger finger prevent performance of some work activities for which she is otherwise physically capable, the court agrees that the Law Judge erred in finding that these conditions do not represent severe impairments. However, the court believes that this shortcoming is harmless and inconsequential. At the time of the administrative hearing, the Law Judge posed a comprehensive hypothetical question to the vocational expert, in attempting to determine whether Mrs. Spencley retains the physical and emotional capacity to perform past relevant work:

> I want you to assume a hypothetical individual the same age, education and past work experience as the claimant who has the following residual functional capacity. This

individual can occasionally lift and/or carry, including upward pulling, up to 50 pounds, frequently lift and/or carry, including upward pulling, up to 25 pounds.

This individual can stand and/or walk with normal breaks for a total of about six hours in an eight-hour days [sic]. Sit, with normal breaks, for a total of about six hours out of an eight-hour day.

This individual can frequently climb ramps, stairs. Can occasionally climb ladders, ropes or scaffolds. Can frequently balance, occasionally stoop, occasionally kneel, occasionally crouch, occasionally crawl. Strike that. Let's take no climbing ladders, ropes or scaffolds.

This individual, due to carpal tunnel syndrome, shouldn't do any repetitive use of the hands. Frequent is okay. Occasional is okay but not repetitive or constant. Let me put it in vocational terms. Constant.

(TR 78). In response, the vocational expert testified that plaintiff can be expected to perform several past work roles as well as certain other work roles existing in significant number in the national economy. (TR 79). Based on the hypothetical question, the court believes that the Administrative Law Judge, and the vocational expert, took plaintiff's manipulative limitations and hand use restrictions into account. Indeed, the court believes that, in assessing plaintiff's residual functional capacity, the Administrative Law Judge gave plaintiff the benefit of the doubt. Accordingly, while the court agrees that the Law Judge erred in finding that plaintiff's carpal tunnel syndrome and trigger finger are not severe impairments, the court concludes that this error did not infect the Law Judge's determination as to plaintiff's capacity to perform past relevant work.

In affirming the final decision of the Commissioner, the court does not suggest that Ms. Spencley is free of all pain, discomfort, weakness, and depression. Indeed, the medical record confirms that plaintiff has suffered from several severe problems which can be expected to result in many subjective complaints, as described by Mrs. Spencley in her testimony. However, it must again be noted that some of plaintiff's most serious symptoms have proven to be transitory. Moreover,

as noted above, no doctor has suggested that plaintiff's physical and/or emotional problems are so severe as to result in totally disabling subjective complaints. Once again, the inability to do work without any discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra 594-95 (4th Cir. 1996). It appears to the court that the Law Judge properly considered all of the subjective factors reasonably supported by the record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 27th day of May, 2014.

/s/ Glen Conrad
Chief United States District Judge